IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDA S. YANCY,** | **6:13-cv-01149-BR** |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**[1] | |
| Defendant. | |

**RICHARD F. MCGINTY**
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

      Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 -   OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JOHN C. LAMONT**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3703

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Linda S. Yancy seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for SSI on July 22, 2009.

Tr. 13.[2]  Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 18, 2010.  Tr. 13.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 13.

The ALJ issued a decision on March 19, 2012, in which he found Plaintiff is not entitled to benefits.  Tr. 24.  That decision became the final decision of the Commissioner on May 23, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr. 1.

## BACKGROUND

Plaintiff was born on August 2, 1954, and was 57 years old at the time of the hearing. Tr. 13, 183.  Plaintiff graduated from high school and attended some college classes.  Tr. 35.  Plaintiff has prior relevant work experience as an appointment clerk.  Tr. 63.

Plaintiff alleges disability since March 17, 2006, due to fibromyalgia, migraines, asthma, and irritable bowel syndrome.  Tr. 173.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

---

[2] Citations to the official transcript of record filed by the Commissioner on November 26, 2013, are referred to as "Tr."

3 -   OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence except where noted.  *See* Tr. 15-24.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574

F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is

5 -   OPINION AND ORDER

potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a

6 -   OPINION AND ORDER

week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

7 -   OPINION AND ORDER

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since July 22, 2009, her application date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, osteoarthritis, and asthma with chemical sensitivities.[3] Tr. 15.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 18. The ALJ found Plaintiff can perform light work as defined in 20 C.F.R. § 416.967(c) with the following limitations:

> She can lift up to 20 pounds occasionally and ten pounds frequently. She can sit without limitations. She can stand and walk for six out of eight hours. She can occasionally climb, balance, stoop, kneel, crouch or crawl. She must avoid even moderate exposure to humidity or wetness, fumes, odors, dusts, or gases, and all workplace hazards.

Tr. 19.

---

[3] The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. *See* Tr. 15, 173.

8 -   OPINION AND ORDER

At Step Four the ALJ concluded Plaintiff was able to perform her past relevant work as an appointment clerk. Tr. 24. Accordingly, the ALJ found Plaintiff has not been disabled since July 22, 2009. Tr. 24.

**DISCUSSION**

Plaintiff contends the ALJ erred (1) at Step Two when he did not find Plaintiff's impairments of depression and conversion disorder are severe; (2) at Step Three when he failed to consider the limiting effects of Plaintiff's mental impairments of depression, conversion disorder, and somatization disorder; (3) when he failed to include limitations related to Plaintiff's mental impairments in his evaluation of Plaintiff's RFC; and (4) when he improperly rejected the medical opinion of Janice Veenhuizen, M.D.

**I.   The ALJ did not err at Step Two.**

As noted, Plaintiff contends the ALJ erred at Step Two when he did not find Plaintiff's impairments of depression and conversion disorder are severe.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or

9 -   OPINION AND ORDER

mental ability to do basic work activities." 20 C.F.R. § 416.921(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 416.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

>    The Step Two threshold is low:

>>    [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's

10-   OPINION AND ORDER

favor).

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify as severe Plaintiff's alleged impairments of depression or conversion disorder is harmless.

**II.  The ALJ did not err at Step Three**.

Plaintiff contends the ALJ erred at Step Three when he failed to consider the limiting effects of Plaintiff's mental impairments of depression, conversion disorder, and somatization disorder.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  SSR 96-6P provides in pertinent part:

> [L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.
>
> The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.  Other documents, including the

11-   OPINION AND ORDER

> Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review.
>
> When an administrative law judge or the Appeals Council finds that an individual's impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical or psychological consultant.

Although Plaintiff contends the ALJ erred at Step Three by not performing the "step three analysis for somatization disorder singly, or in combination with [Plaintiff's] depression and conversion disorder," Plaintiff does not identify the listed impairments that she allegedly meets.  Moreover, as the ALJ noted, although medical professionals "acknowledge [Plaintiff] has some mental impairment, . . . they also support a finding [that] despite her medical conditions she only has mild limitations."  Tr. 17.  The Court agrees.  As explained more fully below, evidence in the record does not support a conclusion that Plaintiff's impairments of depression, conversion disorder, and somatization disorder are related to any limitations that severely impair her ability to work.

Accordingly, the Court concludes the ALJ did not err at Step Three.

**III. Plaintiff's RFC.**

Plaintiff contends the ALJ erred when he failed to include

12-   OPINION AND ORDER

limitations related to her mental impairments of somatization disorder, depression, and conversion disorder in his assessment of Plaintiff's RFC.

A claimant's RFC represents the "most that an individual can do despite his or her limitations or restrictions" resulting from medically determinable impairments. SSR 96-8p, at *4.  *See also* 20 C.F.R. § 416.945.  "The RFC must be based on *all* the relevant evidence in the case record" including medical history, medical signs and laboratory findings, lay evidence, recorded observations, medical-source statements, and the effects of the claimant's symptoms. SSR 96-8p, at *5.  To determine a claimant's exertional and nonexertional capacity, the ALJ must give "careful consideration" to "any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone." SSR 96-8p, at *5-*6.

A plaintiff's restrictions and limitations that are not supported by substantial evidence in the record, however, may be freely accepted or rejected by the ALJ.  *Osenbrock v. Apfel*, 240 F.3d 1164, 1166 (9th Cir. 2001).  In addition, the ALJ is not required to include properly discounted opinion evidence in a Plaintiff's RFC.  *See Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004).

13-   OPINION AND ORDER

### A. Somatization Disorder

Plaintiff was referred by Disability Determination Services (DDS)[4] to Paul S. Stoltzfus, Psy.D., who performed a psychodiagnostic examination of Plaintiff in April 2008. Tr. 377. Dr. Stoltzfus gave Plaintiff Axis I diagnoses of somatization disorder and depressive disorder not otherwise specified (NOS). Tr. 380. Dr. Stoltzfus stated Plaintiff "minimally meets the criteria for Depressive Disorder, NOS." He also stated she would, nevertheless, "benefit from medication and would certainly benefit from psychotherapy." Tr. 381. The ALJ acknowledged Dr. Stoltzfus's examination report and noted Dr. Stoltzfus also stated Plaintiff "presented very well during the evaluation" despite her reported difficulties. Tr. 17.

Plaintiff contends Dr. Stoltzfus's diagnosis of Plaintiff's somatization disorder and his comments that she may benefit from medication and/or psychotherapy "suggest[] that the somatization disorder impairs [her] functionality." Pl.'s Br. at 7. As noted, the ALJ may reject any limitation that is not supported by substantial evidence in the record. *See Osenbrock*, 240 F.3d at 1166. Dr. Stoltzfus, however, did not opine as to any specific limitations related to Plaintiff's somatization disorder (or

---

[4] DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a).

14- OPINION AND ORDER

depression) nor does the record contain any other medical-opinion evidence of limitations related to Plaintiff's somatization disorder. Thus, the ALJ was not required to infer any such limitations from Dr. Stoltzfus's diagnoses and opinion.

**B.    Conversion Disorder and Depression**

Plaintiff was referred by DDS to Ben Kessler, Psy.D., who performed a neuropsychological examination of Plaintiff on October 26, 2011.

Dr. Kessler noted Plaintiff reported she had never been hospitalized for psychiatric reasons. Tr. 537. Dr. Kessler administered a number of tests to evaluate Plaintiff's cognitive abilities. Dr. Kessler observed Plaintiff's scores related to her general intellectual ability "indicate that she functions in the superior range nearly across the board." Tr. 539. Dr. Kessler also observed Plaintiff has "good executive functioning and superior attention and concentration," and "her verbal skills appear superior." Tr. 541-42.

Dr. Kessler, however, also gave Plaintiff an Axis I diagnosis of conversion disorder based on her MMPI-2 test[5] in which Plaintiff scored among individuals who do not "deal or cope well with emotional stress so they tend to suppress it ultimately expressing it through physical complaints." Tr. 542.

---

[5] MMPI-2 stands for "Minnesota Multiphasic Personality Inventory-2nd edition." Tr. 535.

15-   OPINION AND ORDER

Dr. Kessler noted Plaintiff's "response pattern suggests the possibility of an exaggerated picture of her current situation and problems" and also "suggests some long term personality characteristics that would affect her ability to adapt" that were specifically seen as "diminished capacity to experience pleasure in life and a propensity toward pessimism." Tr. 542.

Despite his diagnoses of Plaintiff's conversion disorder, Dr. Kessler concluded: "[O]n [Plaintiff's] own reported symptoms she does not meet the criteria for Major Depression." Tr. 542. Based on Plaintiff's test results and his examination of Plaintiff, Dr. Kessler opined Plaintiff appears "capable of carrying out simple and routine tasks." Tr. 543. As noted Dr. Stoltzfus similarly concluded Plaintiff only "minimally meets the criteria for Depressive Disorder, NOS." Tr. 381.

In summary, Plaintiff has failed to identify, and the record does not appear to contain, any evidence to support Plaintiff's contention that the ALJ erred by failing to include in her RFC limitations based on her impairments of somatization disorder, depression, or conversion disorder. Accordingly, the Court concludes the ALJ did not err when he failed to include limitations related to Plaintiff's mental impairments.

**IV.    The ALJ did not err when he rejected Dr. Veenhuizen's opinion.**

Plaintiff contends the ALJ failed to fully credit the opinion of her treating physician, Dr. Veenhuizen.

16-    OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995). Generally the more consistent an opinion is with the record as a whole, the more weight an opinion should be given. 20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is

17-   OPINION AND ORDER

supported by other evidence in the record.  *Id.* at 600.

In November 2011 Plaintiff was referred to Dr. Veenhuizen by Plaintiff's primary-care physician, Robin Chandler, M.D., for a biopsychosocial assessment and treatment.  Tr. 571, 576.  Dr. Veenhuizen performed a mental status examination of Plaintiff and found Plaintiff's mood was "somewhat depressed, although her affect was quite bright and pleasant."  Tr. 579.  Dr. Veenhuizen also observed Plaintiff "was very somatically pre-occupied with symptoms in many body systems."  Tr. 579.  Dr. Veenhizen diagnosed Plaintiff with "[m]ajor depressive disorder, recurrent" and assigned her a GAF[6] of 50 to 60.  Dr. Veenhuizen also noted, however, that Plaintiff was "engaged in mental health treatment" and her "depression is improved."  Tr. 581.

The ALJ gave Dr. Veenhuizen's opinions "little weight" on the ground that "[h]er finding of moderate impairment is not consistent with the rest of the medical evidence, including her own report."  Tr. 18.  For example, the ALJ pointed out that Dr. Veenhuizen noted Plaintiff reported only depressive "episodes," but she did not report any suicidal ideations, attempts, or psychiatric hospitalizations.  Tr. 18.  Dr. Veenhuizen's diagnosis of major depressive disorder is also

---

[6] A Global Assessment of Functioning (GAF) score rates a person's psychological, social, and occupational functioning on a hypothetical continuum of mental-health illness.  *See* DSM-1V at 34.

18-   OPINION AND ORDER

inconsistent with the opinions of Drs. Stoltzfus and Kessler, who concluded Plaintiff's depression was mild.

The Court concludes on this record that the ALJ did not err when he gave "little weight" to the opinion of Dr. Veenhuizen because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

                                     /s/ Anna J. Brown
                                  ANNA J. BROWN
                                  United States District Judge